ANNE MILGRAM
ATTORNEY GENERAL OF NEW JERSEY
R.J. Hughes Justice Complex
25 Market Street
P.O. Box 112
Trenton, New Jersey  08625
Attorney for Defendants

By:   Noreen P. Kemether(NK9583)
      Deputy Attorney General
      (609) 777-3401
      (609) 984-6446 (fax)
      noreen.kemether@dol.lps.state.nj.us

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
VICINAGE OF TRENTON

| | |
|---|---|
| LARRY HAZZARD : | |
|     Plaintiff, : | Civil Action No. 3:08-CV-00060 |
| v. : | FLW-JJH |
| : | |
| STATE ATHLETIC CONTROL BOARD : | |
|  OF THE STATE OF NEW JERSEY : | **DEFENDANTS' ANSWER  AND** |
|     and : | **AFFIRMATIVE DEFENSES TO** |
| OFFICE OF THE ATTORNEY : | **PLAINTIFF'S COMPLAINT** |
|  GENERAL OF THE STATE OF : | |
|  NEW JERSEY : | |
|     Defendants. : | |

DEFENDANTS, by way of Answer to plaintiff's Complaint, state as follows:

**PARTIES AND JURISDICTION**

1. Defendants neither admit nor deny the allegations in this paragraph because they state a conclusion of law to which no answer is required.

2. Denied as stated.  It is admitted only that the State Athletic Control Board (SACB) is a self contained board that falls under the direction of the Office of the Attorney General for the Department of Law & Public Safety, and was established by the Legislature in 1985 (N.J.S.A. 5:2A

et. seq.) to ensure that all public boxing and other combative sports exhibitions, events, performances and contests are subject to an effective and efficient system of strict control and regulation. The SACB has its main office in Trenton, New Jersey.

    3. Denied as stated. It is admitted only that under the direction of the Attorney General, the Office of the Attorney General and the Department of Law & Public Safety are dedicated to making New Jersey safe for all its residents and visitors. The SACB is a self contained board that falls under the direction of the Office of the Attorney General for the Department of Law & Public Safety. The Office of the Attorney General is located at the Hughes Justice Complex in Trenton, New Jersey.

    4. Defendants neither admit nor deny the allegations in this paragraph because they state a conclusion of law to which no answer is required. However, it is denied plaintiff's Constitutional rights or privileges were violated or any law was violated and it is further denied that plaintiff is entitled to recover damages.

    5. Defendants neither admit nor deny the allegations in this paragraph because they state a conclusion of law to which no answer is required. However, it is denied that this Court has jurisdiction over any of the claims in the Complaint.

    6. Defendants neither admit nor deny the allegations in this paragraph because they state a conclusion of law to which no answer is required. However, it is denied that this Court has jurisdiction over any of the claims in the Complaint.

    7. Defendants neither admit nor deny the allegations in this paragraph because they state a conclusion of law to which no answer is required.

**II.     CAUSE OF ACTION**

8. Admitted in part; denied in part. It is admitted plaintiff was employed by the SACB from in or about 1986 until in or about November 14, 2007, when his employment was legally and justifiably terminated. The remaining allegations are denied.

9. Admitted in part; denied in part. It is admitted that plaintiff held the position of Commissioner of the SACB. During the course of his tenure, plaintiff earned a salary in the range of $100,000, depending upon the year. The remaining allegations are denied as conclusions of law to which no response is required.

10. Denied.

11. Denied.

12. Denied. The allegations in this paragraph are denied as a conclusion of law to which no response is required. It is further denied Cuyler was derelict in his duties in any way.

13. Denied.

14. Denied. The allegations in this paragraph are denied as a conclusion of law to which no response is required. It is further denied that any unsafe conditions, particularly those alleged by plaintiff, occurred at any New Jersey sporting event as a result of any action or inaction by Cuyler.

15. Denied. It is specifically denied plaintiff was retaliated against in any way.

16. Admitted in part; denied in part. It is admitted plaintiff, through his counsel, submitted a letter to Governor Corzine date October 23, 2007. It is denied plaintiff's allegations were meritorious. The remaining allegations are denied.

17. Admitted in part; denied in part. It is admitted plaintiff was terminated from his position on or about November 14, 2007. It is denied plaintiff was in any way retaliated against. Further, plaintiff was legally and justifiably terminated from his position.

18. Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

19. Denied. The allegations in this paragraph are denied as conclusions of law to which no response is required.

## COUNT I
### (First Amendment - Free Speech)
### Plaintiff Hazzard v. the Defendants
### 42 U.S.C. §1983

20. Defendants incorporate the above paragraphs as if set forth fully herein.

21. Denied. The allegations in this paragraph state a conclusion of law to which no answer is required. It is further denied any of plaintiff's constitutional rights were violated.

22. Denied. The allegations in this paragraph state a conclusion of law to which no answer is required. It is further denied any of plaintiff's constitutional rights were violated.

23. Denied. The allegations in this paragraph state a conclusion of law to which no answer is required. It is further denied plaintiff carried out his job in a highly competent manner.

24-27. Denied. The allegations in these paragraphs state a conclusion of law to which no answer is required. Strict proof as to plaintiff's alleged damages is demanded.

## COUNT II
### (State Claim - Freedom of Expression Speech)
### Plaintiff Hazzard v. the Defendants
### Article I, Paragraph 6 - New Jersey Constitution

28. Defendants incorporate the above paragraphs as if set forth fully herein.

29. Denied. The allegations in this paragraph state a conclusion of law to which no answer is required. It is further denied any of plaintiff's constitutional rights were violated.

30. Denied. The allegations in this paragraph state a conclusion of law to which no answer is required.

31-34. Denied. The allegations in these paragraphs state a conclusion of law to which no answer is required. Strict proof as to plaintiff's alleged damages is demanded.

### COUNT III
### (Conscientious Employee Protection Act)
### Plaintiff Hazzard v. the Defendants
### N.J.S.A. 34:19-1 et seq.

35. Defendants incorporate the above paragraphs as if set forth fully herein.

36. Denied.

37. Denied. The allegations in this paragraph state a conclusion of law to which no answer is required.

38. Denied. The allegations in these paragraphs state a conclusion of law to which no answer is required. Strict proof as to plaintiff's alleged damages is demanded.

39. Denied.

### PRAYER FOR RELIEF

40. Defendants incorporate the above paragraphs as if set forth fully herein.

**WHEREFORE**, Defendants demand judgment in their favor against Plaintiff, together with an award for attorneys' fees, costs, and expenses.

### FIRST AFFIRMATIVE DEFENSE

Original service of the Summons and Complaint upon the Defendants was insufficient.

### SECOND AFFIRMATIVE DEFENSE

The Complaint fails to set forth a cause of action upon which relief can be granted.

### THIRD AFFIRMATIVE DEFENSE

The Court lacks jurisdiction over the subject matter and/or the Defendants in this action.

### FOURTH AFFIRMATIVE DEFENSE

Recovery is barred in this action by reason of the applicable statutes of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel and/or res judicata and/or entire controversy and/or issue preclusion.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims were found to be unsubstantiated by all investigations conducted.

### SEVENTH AFFIRMATIVE DEFENSE

The Court should not exercise jurisdiction over the Plaintiff's claims because the Plaintiff has failed to exhaust State and/or administrative remedies.

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has not been deprived of any right, privilege or immunity secured to the Plaintiff by the United States Constitution, any Act of Congress or the New Jersey State Constitution.

### NINTH AFFIRMATIVE DEFENSE

Defendants herein did not know, and were not reasonably expected to know that any actions taken by them or on their behalf with respect to this Plaintiff, at any relevant time, were in violation of the Plaintiff's constitutional rights.

### TENTH AFFIRMATIVE DEFENSE

Defendants acted at all relevant times with good faith and without any fraud or malice.

### ELEVENTH AFFIRMATIVE DEFENSE

Defendants are not guilty of negligence and violated no duty to the Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Damages, if any, were the result of the sole action and/or negligence of the Plaintiff.

### THIRTEENTH AFFIRMATIVE DEFENSE

Any actions taken by or on behalf of any Defendant were in the nature of discretionary activity within the meaning of N.J.S.A. 59:3-2 and accordingly no liability may be imposed upon the defendants.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's Second Amended Complaint is barred by the Eleventh Amendment of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

Defendants are immune from liability pursuant to, but not limited to the provisions of N.J.S.A. 59:1-1, et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff was properly and legally terminated.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Any recovery to which the Plaintiff may be entitled against any Defendant is subject to the limitations and reductions on damages set forth in N.J.S.A. 59:9-2.

### EIGHTEENTH AFFIRMATIVE DEFENSE

All personnel actions taken with regard to the Plaintiff were done for legitimate business reasons.

### NINETEENTH AFFIRMATIVE DEFENSE

Defendants thoroughly investigated Plaintiff's complaints, which were found to be without merit.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's damages if any, are barred because the Plaintiff has failed to mitigate damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

The New Jersey Tort claims Act, N.J.S.A. 59:9-2 bars recovery for punitive damages, prejudgment interest and pain and suffering.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Recovery is barred by the failure of the Plaintiff to give timely notice of claim or to present a tort or other claim in accordance with N.J.S.A. 59:8-1 et seq.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

The Federal District Court has no subject matter jurisdiction over the plaintiff's claim under 42 U.S.C. §1983 due to the 11th Amendment and sovereign immunity and because the State of New Jersey or any of its entities or alter-egos has never consented to be sued in Federal Court.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims must be dismissed because Plaintiff's underlying claims are without merit and were not made in good faith.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Defendants have a policy against discrimination, harassment and retaliation.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

Defendants took prompt and remedial action.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

The Federal District Court has no subject matter jurisdiction because the State of New Jersey and it's employees have never consented to be sued in Federal Court.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Neither the State Athletic Control Board nor the Office of the Attorney General of the State of New Jersey are a "person" within the meaning of §1983 and are immune from liability.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants are entitled to qualified immunity for their acts.

### THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's discharge from his position was justified and warranted and or the result of plaintiff's own actions and/or inactions.

### RESERVATION OF RIGHTS

Defendants reserve the right, at or before trial, to move to dismiss the Complaint and/or for summary judgment, on any grounds, including that the Complaint fails to state a claim upon which relief can be granted and/or any or all Defendants are entitled to judgment as a matter of law, based on any or all of the above defenses.

## DEMAND FOR STATEMENT OF DAMAGES

In accordance with L. Civ. R. 8.1, Defendants hereby request that within ten (10) days of service of the Answer, Plaintiff furnish a written statement of the amount of damages claimed against each Defendant.

## JURY DEMAND

Defendants demand a trial by a jury on all issues in the cause.

## DESIGNATION OF TRIAL COUNSEL

The Court is advised that Noreen P. Kemether, Deputy Attorney General, is hereby designated as trial counsel.

        ANNE MILGRAM
        ATTORNEY GENERAL OF NEW JERSEY

By:   s/Noreen P. Kemether(NK9583)
      Deputy Attorney General
      25 Market Street
      P.O. Box 112
      Trenton, New Jersey 08625
      (609) 292-9989
      Fax: (609) 984-6446
      noreen.kemether@dol.lps.state.nj.us

Dated: March 12, 2007