IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
(TRENTON VICINAGE)

| | | |
|---|---|---|
| LARRY HAZZARD,<br>*Plaintiff,* | : <br> : <br> : | CIVIL ACTION NO. 08-00060 |
| v. | : <br> : | |
| STATE ATHLETIC CONTROL BOARD OF THE STATE OF NEW JERSEY AND OFFICE OF ATTORNEY GENERAL OF THE STATE OF NEW JERSEY,<br>*Defendants.* | : <br> : <br> : <br> : <br> : <br> : | |

## PLAINTIFF'S MOTION TO COMPEL ANSWERS TO INTERROGATORIES AND PRODUCTION OF DOCUMENTS

Plaintiff, Larry Hazzard, by and through his counsel, Sidney L. Gold & Associates, P.C., hereby submits Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents and in support thereof avers the follows:

1. On January 4, 2008, Plaintiff Hazzard filed a civil action complaint with this Court against the Defendants.

2. Defendants filed an answer to Plaintiff Hazzard's complaint on March 12, 2008.

3. Subsequent thereto, on or about March 20, 2008, Plaintiff Hazzard propounded interrogatories and a request for production of documents upon Defendants. True and correct copies of Plaintiff Hazzard's First Set of Interrogatories Addressed to Defendants and Plaintiff Hazzard's First Request for Production of Documents are

attached hereto and marked as Exhibits "A" and "B," respectively.

4.   Thereafter, on April 25, 2008, the Court conducted a Rule 16 Conference with the parties. During the Rule 16 Conference, the parties agreed to hold all discovery in suspense until it was determined how they wished to proceed with the case.

5.   In connection thereto, on June 24, 2008, Plaintiff Hazzard informed the Court that he to move forward with the prosecution of his claims and commence discovery.

6.   On July 2, 2008, the Court issued a scheduling order and set a discovery deadline in this matter for November 7, 2008.

7.   On July 25, 2008, Plaintiff's counsel inquired of defense counsel as to when they could expect to receive Defendants' responses to the interrogatories and request for production of documents that were propounded on March 20, 2008. A true and correct copy of an email from Traci M. Greenberg, Esquire to Noreen Kemether, Esquire dated July 25, 2008 is attached hereto and marked as Exhibit "C."

8.   Notwithstanding the undersigned's email dated July 25, 2008, defense counsel failed to respond.

9.   As a result, on August 7, 2008, Plaintiff's counsel sent a second email to defense counsel requesting that she furnish Defendants' discovery responses no later than Friday, August 15, 2008 to avoid the filing of a motion to compel. A true and correct copy of an email from Traci M. Greenberg, Esquire to Noreen Kemether, Esquire dated

August 7, 2008 is attached hereto and marked as Exhibit "D."

10. Defense counsel responded via email on August 13, 2008 stating that she would furnish the undersigned with Defendants' discovery responses by September 2, 2008 as she would be out of the office on vacation until said date and her clients were then currently reviewing the draft responses. A true and correct copy of an email from Noreen Kemether, Esquire to Traci M. Greenberg, Esquire dated August 13, 2008 is attached hereto and marked as Exhibit "E."

11. Despite defense counsel's representations that her clients' discovery responses would be forthcoming, as of this date, no discovery responses have been received.

12. Pursuant to Federal Rule of Civil Procedure 33(b)(3), "The party upon whom the interrogatories have been served shall serve a copy of the answers, and objections if any, within 30 days after the service of the interrogatories."

13. Pursuant to Federal Rule of Civil Procedure 34(b), "The party upon whom the [document] request is served shall serve a written response within 30 days after the service of the request."

14. More than thirty days has elapsed since Plaintiff Hazzard served the Defendants with interrogatories and a request for production of documents.

15. In addition, the parties have agreed to conduct the deposition of Kimberly Ricketts on September 25, 2008. Upon information and belief, Ms. Ricketts was the

individual responsible for the decision to terminate Plaintiff Hazzard's employment.

16. Without having received Defendants' responses to Plaintiff Hazzard's discovery requests, Plaintiff Hazzard is unable to properly prepare for said deposition and is unable to determine the identities of additional individuals who need to be deposed. HIPAA releases.

**WHEREFORE**, Plaintiff Hazzard respectfully requests that this Honorable Court grant Plaintiff's Motion to Compel Answers to Interrogatories and Production of Documents within five (5) business days.

        Respectfully Submitted,

        SIDNEY L. GOLD & ASSOCIATES, P.C.


        By: /s/Traci M. Greenberg, Esquire
          TRACI M. GREENBERG, ESQUIRE
          1835 Market Street, Suite 515
          Philadelphia, PA 19103
          (215) 569-1999
          **Attorney for Plaintiff**

DATED: September 4, 2008